IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH L. KIRKLAND,

    Petitioner,

v.                                              CASE NO. 18-3186-JWL

N. C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his sentence enhancement under 21 U.S.C. § 851. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

On July 27, 2018, Petitioner filed the instant petition under 28 U.S.C. § 2241, claiming that his prior conviction enhancement under 21 U.S.C. § 851 is null and void in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Petitioner invokes the savings clause of 28 U.S.C. § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention.

The factual background for this case is set out in detail in the Court's March 26, 2018 Memorandum and Order dismissing Petitioner's prior § 2241 action. *See Kirkland v. Maye*, No. 18-cv-03058-JWL, Doc. 3 (D. Kan. March 26, 2018) (attached). In Petitioner's prior § 2241 action, he also argued that his sentence enhancement is "null and void" in light of the Supreme Court decisions in *Descamps* and *Mathis*. Petitioner argued that: *Descamps* and *Mathis* are new interpretations of statutory law, and that he met the savings clause tests set forth in other circuits;

1

and that he was "actually innocent" of the sentence enhancement.

Petitioner makes the same arguments in his instant § 2241 petition, alleging that he is actually innocent of the sentence enhancement and arguing that he meets the savings clause test utilized in the Sixth Circuit, citing *Hill v. Masters*, 836 F.3d 591, 594–95 (6th Cir. 2016) and *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012). Now, however, Petitioner argues that the savings clause test can also be met with a finding of "a fundamental miscarriage of justice," citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

This Court's Memorandum and Order entered in Petitioner's prior case set forth in detail why he failed to meet the Tenth Circuit's savings clause test as set forth in *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). The Court noted that a showing of actual innocence is irrelevant under the *Prost* framework. In *Prost*, the Tenth Circuit rejected the "erroneous circuit foreclosure test" as follows:

> Even among those cases that *have* employed the erroneous circuit foreclosure test, moreover, none has addressed the textual and structural clues we've discussed. For example, the Seventh Circuit in *In re Davenport* seemed to rely primarily on "practical" considerations, *see infra* n. 12, and did not consider that the language of the savings clause asks whether § 2255 is adequate to *test* the legality of a prisoner's detention, suggesting a concern with assuring some *mechanism* for assessing the prisoner's claim. The court likewise did not examine how the savings clause's meaning is affected by Congress's inclusion in § 2255(h) of two specific kinds of claims that may be brought in a second or successive collateral attack. It did not discuss how § 2255(f) fits into this picture, or how the saving clause coexists with the larger statutory structure limiting many otherwise successful successive petitions. And, notably too in light of more recent events, it is unclear whether even the Seventh Circuit itself continues to ascribe to the erroneous circuit foreclosure test. *See Morales v. Bezy*, 499 F.3d 668, 672–73 (7th Cir. 2007); *id*. at 674 (Rovner, J., dissenting) (questioning whether, in light of the majority's analysis, a petitioner in the Seventh Circuit would still have to establish circuit foreclosure to access § 2241 via the savings clause).

*Prost*, 636 F.3d at 592–93; *see also Brown v. Berkebile*, 572 F. App'x 605, 608–09 (10th Cir. 2014) (unpublished) (rejecting argument that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception which "allows courts discretion to grant federal habeas relief in spite of procedural bars—such as the bar on second and successive § 2255 motions—where a constitutional violation 'has probably resulted in the conviction of one who is actually innocent.'").

Petitioner's new argument that he meets the savings clause test set forth in *Davenport* is unpersuasive for the same reasons the Court rejected his attempt to utilize the Sixth Circuit's test—this Court is bound by the Tenth Circuit's test announced in *Prost*. *See United States v. Spedalieri*, 910 F.2d 707, 709, n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits.") (citations omitted); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017) ("[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (quoting *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015)).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale v. Fox*, 829 F.3d 1162, 1179 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). For the reasons set forth in this Memorandum and Order and the Memorandum and Order entered in Case No. 18-cv-3058-JWL, Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 3rd day of August, 2018.**

          **S/    John W. Lungstrum**
          **JOHN W. LUNGSTRUM**
          **UNITED STATES DISTRICT JUDGE**